### HARRIMAN & a., Ex'rs, v. JONES.

An attorney may be required to testify who his client was, in a certain suit ; and letters written to the attorney are competent evidence against their author to show that he was the client for whom the attorney brought and conducted the suit.

In a suit brought by an executor, letters written by the defendant as agent of the testator, and at his request, are competent evidence as admissions made by the testator, although the defendant cannot testify.

ASSUMPSIT, on a note for $250, signed by the defendant, and payable to the plaintiffs' testator. The defence was want of consideration. The question was, whether the defendant bought of the testator a $250 note against one Hill, and gave the note in suit for the Hill note, or whether he merely assisted the testator in an unsuccessful

attempt, made in this defendant's name, to collect the Hill note. The testator endorsed the Hill note, and a suit, brought upon it in the name of this defendant, against Hill, was defeated by Hill's bankruptcy. Subject to the plaintiff's exception, the defendant was allowed to prove, by the testimony of the attorneys who brought and conducted that suit, and by letters written to those attorneys by this defendant in behalf of the testator as his agent and at his request, that the testator was the client of those attorneys in that suit, as a fact tending to show that the testator was the plaintiff in interest in that suit, and that this defendant did not buy the Hill note. Verdict for the defendant.

*Hawthorne* and *Davis,* for the plaintiffs.

*Mugridge* and *Albin,* for the defendant.

Doe, C. J. The objection, that evidence is a disclosure of a privileged communication between attorney and client, is founded on proof of the fact that the relation of attorney and client existed. The existence of that relation is not a privileged communication. Proof of the relation is competent for such a purpose as that for which the evidence in this case was received. *Brown* v. *Payson,* 6 N. H. 443 ; 1 Greenl. Ev., *s.* 245.

The letters were as competent as if written by the testator, or by some other agent than the defendant. The statute, which excludes the testimony of the defendant in a suit brought by an executor, does not exclude the letters of the testator, by whosesoever hand he may have written them.

*Judgment on the verdict.*

Foster and Bingham, JJ., did not sit.